## ROSS *v.* WHITMAN.

Where the Legislature appointed a board of examiners, consisting of three executive State officers, to perform the duty of auditing certain accounts, which theretofore had been performed by the Comptroller of State, but which is not prescribed by the Constitution as the peculiar duty of that officer, *Held*, that the act is valid and binding, the power of the Legislature being supreme, except where expressly restricted.

All the duties or powers of any of the departments, not disposed of or distributed to particular officers of that department, are left to the disposal of the Legislature.

APPEAL from the District Court of the Sixth Judicial District.

This was an application for a mandamus, to compel the defendant, G.

W. Whitman, State Comptroller, to issue a warrant to the plaintiff for services as sergeant-at-arms of the Senate.

The defendant, in his answer, admits the presentment of the account to him, authenticated by the signatures of the President of the Senate and the Chairman of the Senate Committee on Contingent Expenses, but avers that the same was not endorsed by the Board of Examiners, as required by the Act of April 16th, 1856, without which endorsement defendant avers that he is prohibited from allowing plaintiff's claim, and drawing the warrant therefor.

The Court below gave judgment dismissing the application.    Plaintiff appealed.

*Robinson, Beatty & Botts* for Appellant.

The question here presented is neither more nor less than the constitutionality, and consequent validity of the Act referred to.    We say that the said Act is unconstitutional, null and void, for these reasons :

1. It curtails the constitutional powers and responsible ties of the Comptroller.    The authority to pass upon the validity of claims against the sovereign, is a necessary and indispensable part of the framework of every government.    It pervades all the ramifications of governmental expenditure.

The Legislature makes appropriations.    The Treasurer takes care of the public funds.    Some functionary must stand between the two, to decide upon individual claims preferred against the treasury, under the law.    This function is differently disposed in the different States of the Union.    Under the General Government, it is divided between five Auditors and Comptrollers; but in the State Governments one officer generally suffices for the whole.    He is indifferently called Auditor and Comptroller.    Sometimes he is provided for by the Constitution, and at others the office is left entirely to the discretion of the Legislature.

In California he is provided for by the Constitution, and is called "Comptroller."

Whether the officer be called Auditor or Comptroller, whenever the Constitution undertakes to establish this important and necessary department of the government, it cannot be enlarged, abridged or modified by the Legislature.    Our Constitution declares that this function shall be exercised by a single officer, that he shall be called Comptroller, and shall be elected by the people.

It is true that the Constitution does not in terms prescribe his duties or his powers; and to some extent, as to his duties especially, they may be prescribed by the Legislature.    Suppose the Constitution had expressly declared that the Comptroller should exercise such functions and perform such duties as the Legislature might by law prescribe.    Even then the duties imposed must be such as in their nature appertain to the office of Comptroller.

The Legislature may prescribe the mode in which a constitutional officer shall perform the duties of his office, where the Constitution is silent; but the power is limited to the mode.    No other functions than

those appertaining to the office can be imposed, and no functions appertaining to the office can be taken from the officer of the Constitution. Such is the corollary from the decision of the Supreme Court in the case of Burgoyne against the Supervisors of the County of San Francisco, 5 California Rep.

It is true that in the case last referred to, the Court put the objection upon the ground that the three great departments of the government are not to be confounded; but we apprehend the principle more broadly stated is this : that constitutional distribution of the powers of government is not to be confounded by legislative enactments, and an Act which should disregard a sub-division of one of the three great departments, would be as invalid as if it confounded these great divisions themselves.

If then the Legislature cannot impose duties upon the Comptroller other than those within the sphere of his office, *a fortiori* they cannot devolve these functions on another.

To sustain this Act would be to establish a precedent fraught with the most dangerous consequences. The Constitution undoubtedly invests an officer called the Comptroller with important powers, intended to be placed beyond the reach of the Legislature.

2. We contend that even if it be in the power of the Legislature to create a board with the powers of this, still the board itself is illegally constituted. The board, it will be remembered, is made to consist of the Governor, the Attorney General, and the Secretary of State, *ex officio*. Again, we invoke the decision in Burgoyne *v.* The Supervisors of San Francisco. How can the Legislature impose upon the Attorney General or the Governor a duty so entirely foreign to their respective offices. Had they imposed this duty upon the Supreme Court, the case would have been exactly in point. Shall it be said, to confer such powers upon the Supreme Court would violate that clause of the Constitution which forbids one department of the government from exercising the functions of another, whilst to confer it upon the Governor is subject to no such objection ?

The truth is, this clause is only declaratory of a well established principle, and to strike it from the Constitution to-morrow, would produce no earthly change in that instrument. The general principle peculiar to constitutional government is this : that the powers of government shall be parcelled out amongst the different officers of the government, and that no one shall exercise the powers and functions of another.

It was only in view of the evil that had been felt, and which it was intended to remedy, that attention was by this clause specially called to the likelihood of infringement by one of these departments upon the powers of the other. To make laws is a province of the Legislature; the Governor shall not do it by proclamation; the Courts shall not do it by judicial decisions. But to keep and guard the public money is a function appertaining to the Treasurer.

If it be contended that the Governor can exercise this function, the proposition must be supported by some such logic as this. The only

prohibition against one officer's exercising the functions of another, is to be found in the third Article, and that does not prohibit such interference where both officers belong to the same department.    This clause, it is true, refers only to those invasions of one department upon another, of which the world has had some examples.    When this invasion of officer upon officer becomes as universal and crying an evil as that of department upon department, it will also be made the subject of express constitutional prohibition.

3.  The Governor cannot discharge the duties assigned him under the Act, without a violation of the twelfth section of Article fifth of the Constitution.    This clause declares that no person shall exercise the office of Governor, whilst holding any other office under the State of California.    To say that he shall exercise no other office whilst he holds that of Governor, is to state the prohibition in another way.    Will it be pretended that this law does not create an office?    Blackstone defines office to be a right to exercise a public or private employment, and to take the fees and emoluments thereunto belonging.    2d Commentaries, p. 36.    In the case of Daniel Wood, see 2d Cowen, p. 29, note, Sanford, Chanc., says : "The terms of office or public trust have no legal or technical meaning, distinct from their ordinary significations.    An office is a public charge or employment, and the term seems to comprehend every charge or employment in which the public are interested."    Language to the same effect is used in Leigh's case.    See 1 Munf., p. 468.

*Wm. T. Wallace, Attorney General,* for Respondent.

1.  The law in question is a fiscal regulation.    Over the operations of the treasury, the Legislature has and ought to have full control.    This power is one of a salutary character; it is sometimes necessary, to prevent abuses ; its free exercise ought not to be impeded, except for the strongest and most satisfactory reasons.

2.  The law in question is not inhibited by any provision of the Constitution of the United States nor that of California, and it is a well settled proposition of law that the Legislature of the State can pass any statute not prohibited by its own Constitution, nor by that of the United States, and that beyond the limitations and restrictions contained in either Constitution, the Legislature is as omnipotent and uncontrollable as Parliament itself.

The Constitution of the State is a limitation upon, and not a delegation of, the power of the Legislature, and the Legislature possesses every power not delegated by the Constitution to some other department, or expressly denied by the Constitution to the Legislature.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT.    Mr. Chief Justice MURRAY concurred.

Where any of the duties or powers of one of the departments of the State Government are not disposed of, or distributed to particular officers of that department, such powers or duties are left to the disposal of the Legislature.

Where, therefore, the Legislature appointed a board, consisting of three executive State officers, to perform a certain duty which theretofore had been performed by the Comptroller of State, but which is not prescribed by the Constitution as the peculiar duty of that officer, we hold the Act valid and binding, because the power of the Legislature is supreme, except where it is expressly restricted.

Judgment affirmed.